IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Filed in open Court
February 12, 2009
Clerk
By _____ Deputy

UNITED STATES OF AMERICA, )
)
                Plaintiff, ) **CRIMINAL ACTION**
)
v. ) No. 08-10182-01
)
DARRELL E. COOK, )
)
                Defendant. )
)

### MEMORANDUM AND ORDER

On February 9, 2009, this case came on for sentencing. Previously, by letter dated January 15, 2009 (Exhibit A), the court notified counsel that he intended to impose a sentence greater than that called for in the PSR. After hearing the statements and arguments of counsel and the defendant, the court announced his intention to impose a custodial sentence of 84 months. The court deferred final sentencing until this memorandum and order was prepared and presented to defendant in open court on February 12, 2009 so that defendant's counsel could voice any procedural or substantive objections to the sentence. United States v. Johnson, No. 07-3112, 2008 WL 4150019 (10th Cir. Sep. 10, 2008).

Despite numerous appellate decisions which discuss the procedural and sentencing requirements, the undersigned judge remains somewhat uncertain regarding precisely what he must do to satisfy the requirements. In an effort to satisfy the former, the court previously determined that the PSR's guideline determination was both unobjected-to and correct, that a greater than guideline sentence could be accomplished without an upward departure and that even though

not required, the court was giving the parties advance notice of his decision to vary upward from the advisory guideline sentence. In addition, the court stated in some detail his reasons for a variance by application of the factors set forth in 18 U.S.C. § 3553(a) (See Exhibit A).

At oral argument, defendant's counsel observed that it might be appropriate to vary upward to the advisory guideline sentence in the original PSR which was later recalculated in view of the decision in United States v. Dennis, 551 F.3d 986 (10th Cir. 2008). The court did not decide to vary upwards to compensate for or attempt to balance the downward adjustment in the advisory guideline sentence mandated by Dennis. Rather, the court's decision to vary upward was motivated, in the first instance, by "respectful consideration" of the guideline calculation regarding defendant's criminal history points, which are almost twice the number of points required for placement in category VI. The court was not motivated by any desire to "punish" defendant for the favorable benefit afforded him by Dennis.

The only § 3553(a) factor which requires additional comment beyond that contained in the January 15 letter is unwarranted sentence disparity. Since the date of the court's letter, co-defendant Shane Knoffloch has been sentenced to a term of 37 months, which is within the advisory guidelines. As pointed out in the court's letter, Knoffloch's criminal history category is II. This factor alone explains and justifies the disparity between Knoffloch's and defendant's sentences.

The court has considered defendant's explanation for the offense (see PSR, ¶ 30) and his statements in open court. The court has given

defendant credit for acceptance of responsibility, but otherwise his explanations do not mitigate the seriousness of the offense, which could have ended very tragically if the explosives had been detonated. It is apparent that while defendant may regret his crime, his history and prior conduct demonstrate almost total disrespect for the law and a real need to protect the public from further crimes.  Hopefully, the court's letter and this order will satisfy the substantive component of the sentencing requirements.

Accordingly, as more fully stated in open court, it is the judgment of the court, Darrell E. Cook, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 84 months on count 1 followed by a supervised release term of three years.

IT IS SO ORDERED.

Dated this __12th__ day of February 2009, at Wichita, Kansas.

_____
Monti L. Belot
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**MONTI L. BELOT**
Judge

January 15, 2009

111 U.S. Courthouse
401 N. Market
Wichita, Kansas 67202
(316) 269-6519

ALL COUNSEL OF RECORD

    Re: United States v. Cook, Case No. 08-10182-01

Dear Counsel:

    Mr. Griffith called on January 7 to say that defendant does not want to withdraw his plea. Accordingly, the purpose of this letter is to give you some of my reasons for not imposing the guideline sentence set out in the presentence report revised on December 29, 2008 (37-46 months).

    At the outset, I have given "respectful consideration to the Guidelines." Kimbrough v. United States, 128 S. Ct. 558, 570, 169 L.Ed.2d 481 (Dec. 10, 2007). Defendant has not objected to the guideline calculation and I find that the calculation is correct. Defendant has 24 criminal history points, virtually twice the number required to place him in Category VI. Defendant has prior convictions for misdemeanor theft (3), felony theft (2), domestic battery (3) and indecent solicitation of a child (1). (I have not counted defendant's conviction for indecent solicitation of a child (PSR ¶ 50) as a crime of violence for purposes of U.S.S.G. § 4B1.2 in view of United States v. Dennis, — F.3d ——, No. 08-8000, 2008 WL 5274098 (10th Cir. Dec. 22, 2008) which is the reason defendant's original guideline sentence has been reduced.) Defendant's criminal history could justify an upward departure from Category VI as authorized by U.S.S.G. § 4A1.3(a) but I am no longer required to take that tortured route. Instead, because I must consider the factors in 18 U.S.C. § 3553(a) anyway, I have chosen to vary upwards from the advisory guideline sentence, an alternative which is noted in the PSR (¶ 154). Even though notice of an upward variance is not required, Irizarry v. United States, 128 S. Ct. 2198 (2008), I want Mr. Griffith to be aware of my reasons so that he may argue for an appropriate sentence, Gall v. United States, 128 S. Ct. 586 (2007). Presumably the government will abide by the terms of the plea agreement so as not to run afoul of United States v. Villa-Vazquez, ___ F.3d ___ (10th Cir. 2008).

    I turn now to the 18 U.S.C. § 3553(a) factors for the purpose of formulating a sentence which is sufficient, but not greater than necessary, to do justice. The first factor is the nature and circumstances of the offense. As outlined in the unobjected-to PSR, defendant was complicit in the theft of the explosives and stated that he wanted to sell them "for a large sum of money." While I have somewhat discounted as bravado the statements

contributed to defendant regarding use of the explosives by the Aryan Brotherhood and Crips street gang to damage the federal courthouse or other government offices, there is no question that defendant was principally involved in the crime, which is serious, in and of itself.

An upward variance is justified by the history and characteristics of defendant, who is 34 years old with a lackluster education and spotty employment history. Defendant has children whom he does not support and is a long-term substance abuser. By his own admission, defendant started using illegal drugs at age 17 or 18 and has never stopped. Defendant has had frequent and virtually uninterrupted contact with law enforcement and the judicial system since age 18. While not all of defendant's run-ins with law enforcement have resulted in convictions, they nevertheless may be considered for purposes of 18 U.S.C. § 3553(a). <u>United States v. Mateo</u>, 471 F.3d 1162, 1166-68 (10th Cir. 2006). Some of defendant's convictions are not factored into his calculated guideline sentence, so double-counting is not an issue. <u>United States v. Taghizadeh</u>, No. 07-6023, 2008 WL 1790191, at *4 (CA. Okla. April 21, 2008).

Defendant's overall criminal history reflects a complete lack of respect for the law. Similarly, defendant's record demonstrates that he has been undeterred from criminal conduct as a result of his convictions and other involvement with the judicial system. There is no reason to believe that defendant's involvement in this case will cause him to respect the law or deter him from criminal conduct in the future. The only way to protect the public from defendant is a long period of incarceration.

The PSR reflects that defendant has some medical and psychological issues and, hopefully, those can be addressed while he is in the custody of the Bureau of Prisons.

The last factor is unwarranted sentence disparity. Defendant has two codefendants, Jonathan Farley and Shane Knoffloch. Farley's involvement in the offense was at defendant's instigation. He has no criminal history. Knoffloch was more involved but his <u>calculated</u> criminal history is only Category II. However, I have similarly declined to accept Knoffloch's plea agreement and am waiting for his decision whether to withdraw his plea. Knoffloch also has a pretty extensive history of criminal activity which <u>may</u> give rise to an upward variance but it will be less than defendant's because his criminal history is far less extensive.

I hope this information will help you prepare for the sentencing hearing.

Very truly yours,

*[signature]*

Monti L. Belot

MLB/sw
cc: Jeffrey Blessant, USPO

EXHIBIT A

08-10182-01                                          2-11-09

Mr. Griffith and other Council of Record:

    I am writing you to inform you that as a result of Judge Mont Belot's upward departing to 84 months, which is nearly three times the recommendation of the United States Attorney of 37 months; I have decided to excercise my right to appeal.

    Also, I <u>DO NOT</u> agree of the way Federal Probation addressed Judge Belot outside the Court Room. I believe this to be a <u>Lackluster</u> approach to conduct of proper and fair Judicial resolve. As Federal Probation had already conducted and submitted a Pre sentence Report which reflected recommendations and comments that I had already agreed Not to object to. Theirfore I <u>do Not</u> understand why I was not afforded the oppurtunity to agree or object to whatever was discussed outside the presence of the Court between Federal Probation and Judge Belot on February 9th, 2009. I also believe that whatever was said may have influenced the over all decision of upward Departing to such an extensive degree of 84 months. I believe this to be more than enough reason to appeal such a Sentence. I would hope Mr. Griffith raises these issues in the appeal. I am also requesting the transcripts of the hearing conducted on February 9th, 2009, copys theirof. Thank You for Your Time....

Copys of this correspondence sent/    _Darrell E. Cook_
Clerk of the United States
District court —                          Darrell F. Cook
Judge Monti Belot
401 N. Market
Wichita, KS.